THE STATE v. DAVID WALKER, *Appellant.*

The cases of *State v. William Walker*, *ante*, p. 95; *State v. John Mathews*, *ante*, p. 119; and *State v. Wiley Mathews*, *ante*, p. 125, followed and affirmed.

*Appeal from Christian Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*Boyd & Delaney* and *Travers & Payne* for appellant.

*B. G. Boone*, Attorney General, for the State.

BRACE, J.—The defendant David Walker, with William Walker, John Mathews, Wiley Mathews and twelve others, was indicted in the circuit court of Christian county for killing Charles Greene on the night

of the eleventh of March, 1887.   The defendant, upon a separate trial, was convicted of murder in the first degree.   William Walker, John Mathews and Wiley Mathews were also on separate trials each convicted of murder in the first degree.   Their cases were brought to this court by appeal, and in each of them, at the present term, opinions have been delivered and decisions rendered, sustaining their conviction, and in two of them motions for rehearing have been considered and overruled.   *Ante*, pp. 95, 119, 125.

In these cases, all of the legal questions raised by counsel for the defendant in the present case, of any significance, about which a doubt could be entertained, have been considered and passed upon adversely to the defendant, and after a patient and critical review of the whole record in this case, and mature consideration of every point made against the action of the court in it, by the indefatigable zeal of able and skilful counsel, we fail to find any error that calls for a reversal of the judgment of the circuit court.   In view of what has been said in the preceding cases, we deem it unnecessary to again enter upon a review of the facts, to which the trial court confined the evidence bearing upon, and connecting the defendant with, this unprovoked and barbarous murder, or upon a discussion of the law which the court fully and carefully laid down in appropriate instructions to the jury based upon those facts, holding that if the defendant was of the number of the lawless band who perpetrated it, and of which the evidence tended to show he was the leader and master spirit, he could be guilty of no less a crime than murder in the first degree and could have no ground of justification to stand upon.   Our views of the law sufficiently appear in those cases, to obviate the necessity of an elaborate opinion in this.

The judgment of the circuit court is affirmed.   All concur, except SHERWOOD, J., absent, and BARCLAY, J., not sitting.